■ MYUNG SOON KIM et al., Appellants, v HYUNCHUL CHONG et al., Respondents. [778 NYS2d 302]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (LeVine, J.), dated September 23, 2003, which granted the defendants' motion for leave to amend their answer to include an affirmative defense that the action was barred under the Workers' Compensation Law and to dismiss the complaint on that ground.

Ordered that the order is affirmed, with costs.

The Supreme Court providently exercised its discretion in granting the defendants leave to amend their answer to include an affirmative defense that the action was barred under the Workers' Compensation Law. A motion for leave to amend an answer to assert such a defense may be granted in the absence of prejudice or surprise even where, as here, it was first raised after the action was ready to proceed to trial (*see Caceras v Zorbas,* 74 NY2d 884 [1989]; *Murray v City of New York,* 43 NY2d 400, 407 [1977]; *Singh v Shafi,* 252 AD2d 494, 495 [1998]; *Lanpont v Savvas Cab Corp.,* 244 AD2d 208 [1997]). The plaintiffs failed to show prejudice or surprise resulting from the defendants' delay in asserting the exclusivity of workers' compensation as an affirmative defense. Smith, J.P., S. Miller, Adams, Rivera and Lifson, JJ., concur.